UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON ALLEN CLAYMORE,<br><br>    Plaintiff,<br><br> vs.<br><br>STATE OF SOUTH DAKOTA, STATE ATTORNEY'S OFFICE, PUBLIC ADVOCATE OFFICE, COUNTY OF MINNEHAHA COURTS, JOE FLYNN, JUDGE CARTER, JULIE HOFER,<br><br>    Defendants. | 4:16-CV-04043-KES<br><br><br>ORDER DISMISSING PETITION |

  Plaintiff, Jason Allen Claymore, an inmate at the South Dakota State Penitentiary, filed a complaint under 42 U.S.C. § 1983 on March 31, 2016. Docket 1. The court construes Claymore's complaint as an application for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the petition is dismissed without prejudice.

**FACTUAL BACKGROUND**

  According to Claymore's petition, he pleaded guilty to second degree burglary in Minnehaha County. Docket 1 at 6. His complaint alleges that he did not receive a full preliminary hearing even though he should have. *Id.* at 4. The South Dakota State's Attorney used the "Grand Jury Indictment" law to cut his preliminary hearing short. *Id.*

While representing Claymore, his defense attorney shared privileged information with an ex-client. *Id.* at 5. She also allegedly did not properly notify him of his right to appeal. *Id.*

Claymore alleges that the sentence he was given after pleading was different than the sentence he agreed to, and he would have gone to trial if he knew what his sentence was going to be after pleading. *Id.* at 6. Because of the plea bargain, Claymore received a fifteen year prison sentence with eleven years suspended. *Id.*

## DISCUSSION

Claymore's petition raises issues concerning his trial and plea agreement. He alleges that his constitutional rights were violated by the state, his defense attorney, and the judiciary, and he requests that his convictions "be dismissed or dropped . . . ." *Id.* at 7.

The Supreme Court "has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek . . . appropriate state relief[] instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Because Claymore is challenging the fact and duration of his confinement, the court construes his complaint to be an application for a writ of habeas corpus under § 2254.

In order to seek habeas relief in federal court, Claymore must first present his claims in state court. *See Grass v. Reitz*, 643 F.3d 579, 584 (8th

Cir. 2011) ("Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has 'exhausted the remedies available in the courts of the State' "). Claymore's petition does not allege that he has sought relief in state court. Therefore, his petition is dismissed.

Even if Claymore intended to bring a claim under § 1983, it would be *Heck* barred. Under *Heck*, "When 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . .' § 1983 is not an available remedy." *Skinner v. Switzer*, 562 U.S. 521, 533 (2011) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). In order to recover damages for the claims he raises, Claymore "must prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. Claymore's complaint asks this court to declare his conviction to be invalid and does not allege that it has already been invalidated by any of the methods outlined above. Therefore, even if Claymore meant to file a complaint under § 1983, his claims would be barred by *Heck*.

## CONCLUSION

Even though Claymore filed his complaint under § 1983, the court construes his filing as an application for a writ of habeas corpus under § 2254. Because he has not exhausted his state court remedies, the petition is

3

dismissed. Even if Claymore meant to file a complaint under § 1983, his claims are barred by *Heck* because they have not been invalidated. Invalidation is the relief he seeks. If Claymore wishes to file an application for federal habeas relief, he must first raise his claims in state court and exhaust his potential remedies there. Claymore should take notice that both state and federal habeas proceedings have statutes of limitation. It is ORDERED

1. Claymore's application for writ of habeas corpus (Docket 1) is dismissed without prejudice.
2. Claymore's motion for leave to proceed in forma pauperis (Docket 2) is denied as moot.

Dated April 6, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE